# EXHIBIT A
# Complaint

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
Cumberland County _____ County

**For Prothonotary Use Only:**

Docket No: _____

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Chelsey Barrick

**Lead Defendant's Name:** Cumberland County Department of Public Safety

**Are money damages requested?** [x] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [x] No

**Is this an *MDJ Appeal*?** [ ] Yes  [x] No

**Name of Plaintiff/Appellant's Attorney:** Jacob A. Deane, Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (*does not include mass tort*)
- [ ] Slander/Libel/Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [x] Employment Dispute: Other wrongful termination/ FMLA violation or retaliation
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

Case# 2022-08912-0 Received at Cumberland County Prothonotary on 11/16/2022 10:46 AM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| CHELSEY BARRICK, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| | Curatola Logistics and Event Design |
| CUMBERLAND COUNTY DEPARTMENT OF PUBLIC SAFETY and COUNTY OF CUMBERLAND | **Counsel of Record For this Party:** |
| | **HARDIN THOMPSON, P.C.** |
| Defendants. | Kenneth J. Hardin II<br>PA ID No. 58303<br>Jacob A. Deane<br>PA ID No. 329534 |
| | The Frick Building<br>437 Grant Street, Suite 620<br>Pittsburgh, PA 15219<br>412) 315-7195<br>(412) 315-7386 (fax)<br>kenhardin@hardinlawpc.net<br>jdeane@hardinlawpc.net |

**NOTICE TO PLEAD**

TO: Defendants

You are hereby notified to file a written response to the enclosed Complaint within twenty (20) days from service hereof or a judgment may be entered against you.

/s/ Jacob A. Deane, Esquire

**JURY TRIAL DEMANDED**

Case# 2022-08912-0 Received at Cumberland County Prothonotary on 11/16/2022 10:46 AM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.


TRUE COPY FROM RECORD
In Testimony ... hereunto set my hand and the seal of said Court at Carlisle, Pa.
This 16 day of Novb 2022
Prothonatary

IN THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CHELSEY BARRICK | : | CIVIL DIVISION |
| | : | |
| | : | Case No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CUMBERLAND COUNTY DEPARTMENT | : | |
| OF PUBLIC SAFETY and COUNTY OF | : | |
| CUMBERLAND | : | |
| | : | |
| Defendants. | : | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

> Lawyer Referral Service
> Cumberland County Bar Association
> 32 South Bedford Street
> Carlisle, PA 17013
> Phone: 717-249-3166

Case# 2022-08912-0 Received at Cumberland County Prothonotary on 11/16/2022 10:46 AM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHELSEY BARRICK | : CIVIL DIVISION |
| | : |
| | : Case No. |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CUMBERLAND COUNTY DEPARTMENT OF PUBLIC SAFETY and COUNTY OF CUMBERLAND | : |
| | : |
| Defendant. | : |

## COMPLAINT

AND NOW, comes Plaintiff, Chelsey Barrick, by and through her attorneys, Hardin Thompson, P.C., Kenneth J. Hardin, Esquire and Jacob A. Deane, Esquire, and files this Complaint against Defendants, Cumberland County Department of Public Safety and County of Cumberland (collectively "Defendants") in support thereof avers as follows:

1. Plaintiff, Chelsey Barrick ("Plaintiff") is an individual residing at 1397 Creek Road, Boiling Springs, Pennsylvania 17007-9657.

2. Defendant, Cumberland County Department of Public Safety ("Defendant") is an agency within the County of Cumberland with a principal place of business at 1 Public Safety Drive, Carlisle, Cumberland County, Pennsylvania 17015.

3. At all relevant times, Defendant was a "covered employer" as defined in 29 C.F.R. § 825.104.

4. Plaintiff began working for Defendant in or around July, 2021 as a Telecommunicator I and was promoted to Telecommunicator II prior to her termination.

5. Plaintiff was a full-time employee for Defendant.

3

6. Beginning in March of 2022, Plaintiff began experiencing severe right upper quadrant pain, vomiting and sweating and went to the hospital.

7. Plaintiff continued going to the hospital with similar symptoms until she was diagnosed with an infection of the gall bladder with gall stones on July 1, 2022.

8. Plaintiff was informed that she would have to undergo surgery and was working with the hospital to schedule a date for the surgery.

9. Prior to scheduling surgery, Plaintiff suffered a gall bladder attack, while at work on July 8, 2022. Plaintiff immediately informed her supervisor that she had a medical emergency and had to leave work to go to the hospital. Plaintiff's supervisor saw that Plaintiff was in immense pain and permitted Plaintiff to leave and go to the hospital.

10. After the surgery, Plaintiff applied for FMLA leave through Defendant's Human Resource Department, which was granted.

11. At her doctor's request, Plaintiff was unable to attend work for two-weeks following the surgery.

12. Two-weeks after Plaintiff's surgery, she went back to work for Defendant.

13. On Plaintiff's first day back to work, she suffered a post-surgery complication, that required Plaintiff to leave work and resume her FMLA leave until August 1, 2022.

14. On August 1, 2022, Plaintiff returned to work for Defendant.

15. In the middle of her first day back to work for Defendant, Plaintiff was called into her supervisor's office and informed that her employment would be terminated.

16. On August 2, 2022, Plaintiff received correspondence from Defendant's confirming her termination.

17. Plaintiff suffered from a serious health condition, as defined in 29 C.F.R. §

4

825.114(2)(i)(A), that required the emergency removal of her gall bladder.

18. Plaintiff's serious health condition, as well as her surgery required her to take a medical leave of absence.

19. On or about August 1, 2022, Defendant terminated Plaintiff's employment.

## COUNT I

### Retaliation for Exercising FMLA Rights

20. Plaintiff incorporates as if fully restated herein paragraphs 1 through 19 above

21. Plaintiff's medical leave of absence was a protected right under the FMLA.

22. Defendant terminated Plaintiff's employment because she exercised her FMLA rights.

23. Defendant's retaliatory actions were in willful violation of the FMLA, 29 U.S.C. § 2615(a).

## COUNT II

### Interference With FMLA Rights

24. Plaintiff incorporates as if fully restated herein paragraphs 1 through 23 above.

25. By refusing to restore Plaintiff to the same or an equivalent position to that which she held prior to taking a medical leave of absence to which Plaintiff was entitled under the FMLA, Defendant willfully interfered with Plaintiff's FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

**WHEREFORE**, Plaintiff requests that this Court award Plaintiff damages in excess of $25,000 including:

(i) Back pay, front pay, other lost wages, benefits, and other compensation;

(ii) Punitive damages;

(iii) Attorneys fees; and

5

Case# 2022-08912-0 Received at Cumberland County Prothonotary on 11/16/2022 10:46 AM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(iv) Such further relief as may be just.

Respectfully Submitted,

HARDIN THOMPSON, P.C.

/s/ Jacob A. Deane
Jacob A. Deane, Esq.
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, Pennsylvania 15219
Ph - (412) 315-7195
Fax- (412) 315-7386

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently that non-confidential information and documents.

Submitted by: <u>Hardin Thompson PC</u>

Signature: <u>/s/Jacob A. Deane</u>

Name: <u>Jacob A. Deane, Esquire</u>

Attorney No. (if applicable): <u>329534</u>

Case# 2022-08912-0 Received at Cumberland County Prothonotary on 11/16/2022 10:46 AM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.